# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**HUNT BROTHERS PIZZA, LLC**                            **PLAINTIFF**

**VS.**                                                     **5:09-CV-00085-DCB-JMR**

**JEFF KITCHEN**                                    **DEFENDANT**

## AGREED PERMANENT INJUNCTION AND CONSENT JUDGMENT

It appears to the Court, as evidenced by the signatures of the Parties, or their counsel, below, that this matter has been resolved pursuant to the terms of a separate settlement agreement, and that the Parties have agreed to the entry of this Agreed Permanent Injunction and Consent Judgment against Defendant, Jeff Kitchen. The Court, having considered the entire record, and pursuant to the agreement of the Parties, as well as for good cause shown, enters the following Order:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Certain causes of Action set forth herein arise under the Lanham Act, 15 U.S.C. §§ 1051, et seq.; therefore, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over certain causes of action pursuant to 28 U.S.C. § 1367. In addition, the causes of action set forth herein are solely between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court also has original jurisdiction pursuant to 28 U.S.C. § 1332.

2. This Court has personal jurisdiction over the Parties and venue over the claims asserted herein because Defendant is located in this District and the events giving rise to these claims occurred in this District.

3. The Complaint avers, the Parties stipulate, and the Court finds that Hunt Brothers Pizza, LLC is the exclusive licensee of certain trademarks owned by Hunt Family Properties, LLC and registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"). The registered marks Hunt Brothers is license to use include HUNT BROTHERS® (Registration No. 2,897,863), HUNT BROTHERS PIZZA® (and design) (Registration No. 2,907,057), HUNK A PIZZA® (registration No. 3,042,499), and ALL TOPPINGS NO EXTRA CHARGE® (Registration No. 2,850,418). Hunt Brothers is also exclusively licensed by Hunt Family Properties, LLC to use other related marks for which registration with the USPTO is pending and/or which are subject to common law protection (collectively "the Marks"). The Complaint avers, the Parties stipulate, and the Court finds that the Marks are famous and unique deserving of anti-dilution protection under the Lanham Act and Mississippi Trademark Act.

4. The Complaint avers, the parties stipulate, and the Court finds, that Defendant does not have the right to display signage and materials bearing the Marks without an authorized license from Hunt Brothers. The Complaint avers further, Defendant admits, and the Court further finds, that Defendant has displayed prominently at the Sibley Store in Natchez, Mississippi, signs and promotional materials bearing the Marks. The signs and promotional materials displayed at the Sibley Store in some cases clearly displayed the Marks while, in other cases, the signs and promotional materials have been altered with labels and markings in an effort to cover the Marks.

5. The Parties stipulate and the Court finds that the Defendant is liable to Hunt Brothers for trademark infringement, false designation of origin, and dilution under the Lanham Act, as well as dilution under the Mississippi Trademark Act.

6. The Parties stipulate and the Court finds that Hun Brothers has succeeded on the merits of its claims against Defendant; that Hunt Brothers has and will continue to suffer irreparable harm without injunctive relief; that the injury to Hunt Brothers outweighs any prejudice to Defendant; and that permanent injunctive relief is not against public policy.

7. Defendant, his officers, agents, servants, attorneys and employees, and all other persons or entities associated with or acting in concert or participation with Defendant, are hereby immediately and permanently enjoined:

    a. From utilizing any of the Marks or any confusingly similar mark, designation or indicia;

    b. From representing or holding themselves to be associated with or formerly associated with Hunt Brothers in any fashion;

    c. From passing off any of their products or services as those of Hunt Brothers;

    d. From causing likelihood of confusion or of misunderstanding as to the source or sponsorship of their products or services;

    e. From causing likelihood of confusion or of misunderstanding as to their affiliation, connection or association with Hunt Brothers.

8. Judgment shall be entered against Defendant in the amount of $13,250.00, the payment of which is addressed in a separate settlement agreement.

9. The Court shall retain jurisdiction to ensure compliance with the terms of this Order and the separate settlement agreement reached between the Parties, and to enable the Parties to apply to this Court for further orders.

SO ORDERED, this 6TH day of ~~July~~ October, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND SUBMITTED FOR ENTRY:

Jeff Kitchen
69 Buckhurst Plantation Road
Natchez, Mississippi 39120
601-870-8410


/s/ C. York Craig, III
C. York Craig, III
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
P. O. Box 22608
Jackson, Mississippi 39225-2608
T: 601-960-8600
F: 601-960-8613
E: cycraig@fpwk.com